# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 5, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOSEPH HUNTER,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0509** (BOR Appeal No. 2050172)
                   (Claim No. 2007217210)

**SENTINEL TRANSPORTATION, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Hunter, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Sentinel Transportation, LLC, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 15, 2015, in which the Board affirmed a January 14, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 4, 2014, decisions denying requests for a vocational rehabilitation evaluation, a functional capacity evaluation, treatment with Matthew Walker, M.D., and a permanent partial disability evaluation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hunter, an employee of Sentinel Transportation, LLC, suffered a cervical strain in the course of and as a result of his employment sometime in 2006 or 2007.[1] The claims administrator found the injury compensable and authorized treatment with H.S. Ramesh, M.D. After some treatment, Mr. Hunter called the claims administrator on March 22, 2007, and

---

[1] The Office of Judges directed the litigants to clarify the date of injury but no explanation was introduced.

1

requested that his claim be closed immediately. The claims administrator issued a decision on May 29, 2007, that confirmed the telephone conversation. By April 25, 2008, the claims administrator had processed all the current issues and the claim was closed.

On May 5, 2010, the claims administrator denied a request to reopen the claim. Mr. Hunter sought treatment from Marietta Babayev, M.D., on May 25, 2011. Dr. Babayev noted that his chief complaint was pain in the left shoulder, neck, and upper back. He asserted that the pain started in March of 2007 when he sustained an injury at work. Approximately six months later, he was loading a tire that weighed about 300 pounds when it slipped, and he tried to keep it from falling. He relayed that his neck and left shoulder pain got worse after the incident. Mr. Hunter saw Dr. Ramesh and underwent a few weeks of physical therapy. Mr. Hunter was prescribed around six medications. At the end of March of 2007, when his medications were suspended, he had a mental collapse and was hospitalized for several days. Mr. Hunter quit his job and asserted that he had many issues with workers' compensation. An MRI of the cervical spine on February 10, 2007, was normal. The assessments were neck sprain, left shoulder sprain, and left bicipital tendonitis. Physical therapy was prescribed for two to three times per week for six weeks.

On December 4, 2013, Mr. Hunter was seen by Peter Teichman, M.D., who stated that he reported chronic pain. The report indicated that Mr. Hunter had many social and personal issues such as a divorce, financial concerns, child custody concerns, and court cases. Because Mr. Hunter was adamant that he follow-up with Dr. Walker for neck pain, a referral was made for assessment. Dr. Teichman stated that the problems appeared to predominantly be psychological and social and were unlikely to improve with surgical intervention. Several days later, an x-ray of the cervical spine was normal.

On January 21, 2014, another report from Dr. Teichman was completed. He reiterated that Mr. Hunter's problems were mainly psychological and social. Dr. Teichman's assessment was depressive disorder and bipolar disorder. He did not see a likely benefit of surgery or further therapy because it had been eight years since the initial injury and a physical exam did not reveal marked abnormalities. Mr. Hunter was advised to work with his therapist and psychiatrist.

On February 4, 2014, the claims administrator issued three decisions denying a request for vocational rehabilitation and a functional capacity evaluation due to lack of supporting medical evidence, denying a request for medical treatment with Dr. Walker, and denying a request for a referral for a permanent partial disability evaluation.

On August 7, 2014, Marsha Bailey, M.D., completed an independent medical evaluation in which she noted that Mr. Hunter had a significant amount of symptom magnification. She also noted that he was angry at his former employer. Dr. Bailey agreed with Dr. Teichman that Mr. Hunter was difficult to talk with and had features of catastrophizing. She opined that his simple sprains and strains had long since resolved, and his ongoing complaints were unrelated to the compensable injury. Dr. Bailey stated that all diagnostic tests were normal. She opined that he had reached maximum medical improvement a long time ago and did not need any other referrals or medical treatment. Dr. Bailey did not find any ratable impairment.

The Office of Judges affirmed the claims administrator's denials on January 14, 2015, because it determined none of the requests were medically related and reasonably required to treat Mr. Hunter's compensable injury. The Office of Judges affirmed the denial of a permanent partial disability evaluation because Mr. Hunter had already received an independent medical evaluation from Dr. Bailey. The Office of Judges found that Dr. Bailey's independent medical evaluation was not deficient or lacking in any manner. The Office of Judges affirmed the denial of his request for a referral to Dr. Walker, a neurosurgeon. The Office of Judges stated that the only compensable condition in the nearly eight-year-old claim was a soft tissue sprain. Dr. Teichman concluded that surgery was unlikely to improve the symptoms because his problems were predominantly psychological and social. The Office of Judges found that Dr. Teichman's opinion was also supported by his physical exam, which did not reveal any abnormalities. Dr. Bailey also shared Dr. Teichman's opinion that no further treatment of any kind was medically necessary to treat the compensable injury in the claim. Lastly, Dr. Bailey opined that rehabilitation services were not necessary. The Office of Judges found her opinion to be persuasive and consistent with the evidence of record. The Office of Judges recognized that the injury was relatively minor and that Mr. Hunter did not lose any work time as a result of it. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 15, 2015.

After review, we agree with the conclusions of the Office of Judges and Board of Review. Mr. Hunter has not demonstrated that any of the requests are medically related or reasonably required. First, Mr. Hunter has already been rated for permanent partial disability purposes. On August 7, 2014, Dr. Bailey found that he suffered from no impairment related to his injury. Next, a referral to Dr. Walker is not medically related and reasonably required to treat his eight-year-old cervical sprain. Mr. Hunter was found to be at maximum medical improvement and needed no further treatment. Because it is apparent that his need for further treatment was not related to his compensable strain, it was proper for the Office of Judges and Board of Review to deny a referral to Dr. Walker. Finally, Mr. Hunter requested a vocational rehabilitation evaluation and a functional capacity evaluation. Dr. Bailey found those evaluations to be unnecessary, and her opinion is supported by the evidence in the record. Therefore, the Office of Judges and Board of Review were not in error for denying the request.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 5, 2016**

3

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II